UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHASE HUNTER,                           )
                                        )
    Plaintiff,                          )
                                        )
        v.                              )          Case No. 25-30143-KAR
                                        )
SUSAN A. MCCOY, et al.,                 )
                                        )
    Defendants.                         )

MEMORANDUM AND ORDER

ROBERTSON, U.S.M.J. .J.

On August 7, 2025, plaintiff Chase Hunter filed a self-prepared complaint against six defendants. (Dkt. No. 1, Compl.). With the complaint, Hunter filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2, Application) and a Motion for Leave to file electronically. (Dkt. No. 3, Motion to file electronically). At that time, the action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 4).

Since the filing of this action, Hunter filed a Motion for Recusal (Dkt. No. 6, Recusal Motion), an amended complaint (Dkt. No. 7, Am. Compl.), a verified complaint amended - second supplemented -second, (Dkt. No. 8, SAC), and a verified complaint amended – third supplemented-third (Dkt. No .9, TAC).

For the reasons set forth below, the Court allows the motion for leave to proceed *in forma pauperis*, denies the Recusal Motion, denies the Motion to file electronically, and directs Hunter to advise the Court, on or before January 9, 2026, whether her third amended complaint (Dkt. No. 9) is intended to be the operative pleading.

I.    <u>Motion for Leave to Proceed in Forma Pauperis</u>

Upon review of Hunter's Application to Proceed Without Prepayment of Fees (Dkt. No. 2), the Court ALLOWS the same.

II.    <u>Motion to file electronically</u>

Upon review of Hunter's Application to Proceed Without Prepayment of Fees (Dkt. No. 3), the Court DENIES WITHOUT PREJUDICE the same.  Plaintiff may renew her motion if her complaint survives preliminary screening.

III.    <u>Recusal Motion</u>

Upon review of Hunter's Recusal Motion  (Dkt. No. 6), the Court DENIES the same  The motion to recuse is deemed as moot in view of the imminent retirement of Magistrate Judge Robertson, who will not make any substantive decisions related to the instant action.

IV.    <u>Preliminary Screening</u>

Because Hunter is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Here, it is unclear whether Hunter intended to file a third amended complaint or, instead, supplement one of the earlier filed complaints.  In addition, the Court will liberally construe her pleadings because she is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Motions to amend pleadings before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure, and Hunter may amend her complaint once as a matter of course.  *See* Fed. R.

Civ. P. 15(a)(1).  An amended complaint normally becomes the operative pleading and replaces an original complaint.  *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). The rules also allow the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

"Amended and supplemental pleadings differ" in that the "former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading" and "the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Chardón-Dubos v. Biden*, No. 23-1138 (SEC), 2024 WL 4373386, at *4 (D.P.R. 2024) (citing and quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, 254-55 (3d ed. 2010)).  "Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common," but "[t]hese misnomers are not of any significance [and] do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15." *Id.*

Here, it appears that Hunter intended to replace the earlier complaints and not supplement them. Accordingly, this Court directs Hunter to advise the Court whether the November 25, 2025 complaint (Dkt. No .9) is intended to be her third amended complaint.

**Hunter must advise the Court, on or before January 9, 2026, whether her third amended complaint (Dkt. No. 9) is intended to be the operative pleading**.  Failure to comply with this directive may result in dismissal of this action.  The case will remain assigned to the Springfield Magistrate Judge session pending dismissal or screening.

DATED:  December 9, 2025        /s/ Katherine A. Robertson
                                         KATHERINE A. ROBERTSON
                                         United States Magistrate Judge