UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHASE HUNTER,                          )
                                       )
           Plaintiff,                  )
                                       )
      v.                               )      Case No. 3:25-cv-30143-CLM
                                       )
SUSAN A. MCCOY, et al.,                )
                                       )
           Defendants.                 )

ORDER

MORGAN, U.S.M.J.

Pro se plaintiff Chase Hunter ("Plaintiff") initiated this action by filing a

complaint on August 7, 2025, asserting a myriad of claims against five defendants

(Dkt. No. 1). Over the next four months, Plaintiff filed three amended complaints—

an amended complaint filed on September 2, 2025, (Dkt. No. 7), a "verified

complaint amended – second supplemented – second" on November 20, 2025, (Dkt.

No. 8), and a "verified complaint amended – third supplemented – third" on

November 25, 2025, (Dkt. No. 9).[1] By Memorandum and Order dated December 9,

2025, Magistrate Judge Katherine A. Robertson granted Plaintiff leave to proceed

*in forma pauperis* and directed Plaintiff to notify the Court by January 9, 2026,

"whether her third amended complaint (Dkt. No. 9) is intended to be the operative

pleading." Dkt. No. 10, at 3. As Judge Robertson noted in her order, a plaintiff may

---

[1]      Each iteration of the complaint added a new defendant—the first amended
complaint names six defendants, the second amended complaint names seven, and
the eighth amended complaint names eight.

amend a complaint once as a matter of course. *Id.* at 2-3. Judge Robertson further noted that failure to comply with the terms of her order could result in dismissal. *Id.*

On December 22, 2025, Hunter filed a motion seeking a two-month extension of time to respond to the December 9, 2025 Memorandum and Order (Dkt. No. 12). The Court granted the motion and directed Plaintiff to file her response on or before February 27, 2026 (Dkt. No. 14). On February 27, 2026, Hunter filed a "temporary" response, (Dkt. No 15), and requested a two-month extension of time to respond to the Court's December 9 Order, (Dkt. No. 16).

For the reasons stated below, the Court finds that the first amended complaint (Dkt. No. 8) is the operative pleading in this matter, DENIES the second request for extension of time, and DIRECTS the clerk to issue summonses for service of the first amended complaint.

## DISCUSSION

As noted in the Court's Memorandum and Order, a plaintiff may amend her complaint once as a matter of course. Dkt. No. 12 at 2 (citing Fed. R. Civ. P. 15(a)). On September 2, 2025, Plaintiff filed her first amended complaint, (Dkt. No. 7), which became the operative complaint in this matter. *See Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011) ("'An amended complaint, *once filed*, normally supersedes the antecedent complaint,' and causes the latter to 'no longer perform[ ] any function in the case.'" (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir.2008))). Plaintiff then filed

2

two additional complaints— the titles of which state they are both "amended" and "supplemental" complaints—without first seeking the consent of the defendants or leave of the Court as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(1), (a)(2). As a result, her amended pleadings have no legal effect. *See* Wright & Miller, Federal Practice & Procedure § 1484 (3rd ed. 2010) ("In a situation in which leave of court is required prior to the amendment of a pleading, an amended pleading that is served without obtaining such leave ordinarily is without legal effect and will not be considered by the court.") The Court recognizes that Plaintiff is pro se and that leave to amend should be "freely granted," *Foman v. Davis*, 371 U.S. 178, 182 (1962), but Plaintiff did not seek leave to amend—she simply filed the amended complaints. Moreover, given the length of the amended complaints and exhibits, it is not an efficient use of judicial resources for the Court to attempt to ascertain what changes Plaintiff made between the various versions of the complaint in order to determine why Plaintiff amended her complaint a second and third time.[2]  The Court therefore declines to construe the Plaintiff's filing of her amended complaints as motions for leave to amend, and, for present purposes, deems the amended complaint (Dkt. No. 7) as the operative pleading.

---

[2]    The amended complaint itself is 76 pages and includes 282 pages of exhibits. The second amended complaint is fifteen pages longer (91 pages) and includes sixteen exhibits totaling 121. The third amended complaint is ninety-four pages and includes 161 pages of exhibits (eighteen exhibits in total). As noted above, each amended complaint adds a new defendant, as is apparent from the caption.

As to Plaintiff's motion for additional time to file a response to the Court's December 9 Order, (Dkt. No. 16), the motion is denied. As noted, Plaintiff provided a "temporary response" to the Court's order stating that "[t]he complaints that [she] filed after the initial complaint was filed are amended complaints." Dkt. No. 15, at 2. In her motion, Plaintiff requests additional time "to respond more specifically to" court's December 9 Order, (*id.*, at 4), contending that personal circumstances prevented her from drafting a "well-researched response," (*id.*) Plaintiff offers no explanation as to why she needs to provide a "more specific" response given that she has already informed the Court that she intends her third amended complaint to be the operative pleading in this matter. Nor does she explain what a "more specific" response would contain beyond what she has already provided. As a result, the Court denies Plaintiff's motion for an extension of time to respond to the Court's December 9 Order.

## CONCLUSION

For the foregoing reasons:

1.    Plaintiff's second motion for an extension of time to respond to the Court's December 9 Memorandum and Order (Dkt. No. 16) is DENIED.

2.    The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

3.    The Clerk shall issue summonses for service of the first amended complaint, (Dkt. No. 7), and shall send the summons, consent package, a copy of the

amended complaint, and this Order to the plaintiff, who must serve the defendant with these documents in accordance with Federal Rule of Civil Procedure 4(m).

4.      Because the plaintiff is proceeding *in forma pauperis*, she may elect to have service completed by the United States Marshals Service ("USMS").  If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with all papers for service and a completed USM-285 form for each party to be served.  The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States.

5.      Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

SO ORDERED.

/s/ Christopher L. Morgan
CHRISTOPHER L. Morgan
United States Magistrate Judge

DATED:  May 6, 2026